UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RM WHITE LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ELISEO RAMIREZ,<br><br>　　　　Defendant. | Case No. 24-cv-00485-SVK<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND FOR REASSIGNMENT OF CASE TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION TO REMAND ACTION**<br><br>Re: Dkt. No. 2 |

Plaintiff RM White LLC commenced this action against *pro se* Defendant Eliseo Ramirez in the Superior Court of California for the County of Santa Clara. Defendant subsequently removed this action to this Court. Before the Court is Defendant's application to proceed *in forma pauperis*. Dkt. 2 (the "Application"). Neither Party has consented to the jurisdiction of a magistrate judge. As discussed below, the Court **GRANTS** the Application. Because the Court grants the Application, it screens Plaintiff's complaint under 28 U.S.C. Section 1915(e). *See* Dkt. 1 at ECF Pages 5-10 (the "Complaint"). For the reasons discussed below, the Court **ORDERS** the Clerk to reassign this action to a District Judge and **RECOMMENDS** that the District Judge **REMAND** this action to the Superior Court of California for the County of Santa Clara.

///
///
///
///
///
///

## I. THE APPLICATION

Under 28 U.S.C. Section 1915, the Court may authorize the commencement of an action without the payment of the necessary filing fees if it believes the commencing party cannot afford to pay such fees. *See* 28 U.S.C. § 1915(a)(1). After evaluating Defendant's Application, the Court finds that Defendant meets the financial eligibility requirements of 28 U.S.C. Section 1915.

## II. SCREENING COMPLAINT UNDER 28 U.S.C. § 1915(e)

Because the Court grants the Application, it now screens Plaintiff's Complaint under 28 U.S.C. Section 1915.

### A. Background

Plaintiff offers little detail regarding the facts underlying this dispute in its form Complaint, but from what the Court gathers, Plaintiff leased commercial space to Defendant. *See* Complaint at ECF Pages 5-6. In October 2023, Plaintiff served Defendant with a notice informing him that he needed to vacate the leased premises within 60 days. *See id.* at ECF Pages 6, 10. Defendant presumably did not do so, as Plaintiff subsequently commenced this action for unlawful detainer in January 2024. *See id.* at ECF Page 5. About a week-and-a-half later, Defendant removed this action to this Court. *See* Dkt. 1.

### B. Legal Standard

District courts must screen civil actions filed *in forma pauperis* to ensure that a complaint states a claim upon which relief can be granted, is not frivolous and does not seek monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under [Section 1915] is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (citation omitted). To survive scrutiny under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Further, under Section 1915,

"[d]ismissal is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison*, 668 F.3d at 1112 (citation omitted).  In performing this analysis, courts must construe *pro se* pleadings liberally.  *See id.*

**C.     Discussion**

The Court need not dwell on the sufficiency of the Complaint, because the Court lacks subject-matter jurisdiction over the Parties' dispute, thereby compelling remand of this action. When screening a complaint under Section 1915, a court must independently evaluate its jurisdiction.  *See* 28 U.S.C. § 1447(c) ("If at <u>any time before final judgment</u> it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added)); *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999) ("[F]ederal courts are required sua sponte to examine jurisdictional issues . . . ." (citation omitted)); *see, e.g.*, *Dhanota v. Rogers*, No. 18-cv-02876-SVK, 2018 WL 3459449, at *1-2 (N.D. Cal. June 26, 2018) (evaluating propriety of removal upon screening complaint under Section 1915), *report and recommendation adopted*, 2018 WL 3428729 (N.D. Cal. July 16, 2018).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action filed in state court to federal district court where the district court would have original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).  However, where a district court lacks subject-matter jurisdiction over an action, the action "shall be remanded."  *See* 28 U.S.C. § 1447(c).  Further, "[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand."  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citation omitted).

District courts exercise two types of subject-matter jurisdiction:  diversity jurisdiction and federal-question jurisdiction.  *See Abpikar v. Hermatian*, No. 19-cv-00425-NC, 2019 WL 330465, at *1 (N.D. Cal. Jan. 25, 2019).  Neither class of subject-matter jurisdiction exists here.

**Federal-Question Jurisdiction.**  Plaintiff seeks relief from Defendant's alleged unlawful detainer of commercial space that Defendant leased from Plaintiff.  That claim presents no federal question.  *See Wells Fargo Bank v. Lapeen*, No. 11-cv-01932-LB, 2011 WL 2194117, at *3 (N.D.

3

Cal. June 6, 2011) ("An unlawful detainer action, on its face, does not arise under federal law but is purely a creature of California law." (citation omitted)).  Defendant devotes the bulk of his notice of removal to describing how Plaintiff violated several federal statutes, but at best, these alleged violations constitute unasserted counterclaims that Defendant may pursue against Plaintiff, and a district court may not exercise federal-question jurisdiction on the basis of a defendant's counterclaims.  *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831 (2002); *Pozez v. Clean Energy Cap., LLC*, 593 F. App'x 631, 632 (9th Cir. 2015).

**Diversity Jurisdiction.**  Defendant does not argue that the Court may exercise diversity jurisdiction.  This failure alone proves fatal to any assertion of diversity jurisdiction.  *See, e.g., Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-58 (9th Cir. 2001) ("In this case, neither Plaintiffs' complaint nor Pfizer's notice of removal made any allegation regarding Plaintiffs' state citizenship.  Since the party asserting diversity jurisdiction bears the burden of proof, Pfizer's failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction." (citation omitted)).  It also does not appear that the amount-in-controversy requirement for diversity jurisdiction is satisfied.  "The amount at issue in an unlawful detainer action seeking possession of the property is the fair rental value of the property for the time defendant unlawfully occupied it, not the value of the property itself."  *Dhanota*, 2018 WL 3459449, at *2 (citation omitted).  Plaintiff demands less than $10,000 in the Complaint, which appear reasonable, in light of its allegation that "[t]he fair rental value of the premises is $60.00 per day."  *See* Complaint at ECF Pages 5, 7.

\* \* \*

In sum, the Court may exercise neither federal-question jurisdiction nor diversity jurisdiction over this action.  The removal statute therefore compels remand of this action to state court.

///

///

///

///

4

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Application, **ORDERS** the Clerk to reassign this case to a District Judge and **RECOMMENDS** that the District Judge **REMAND** this action to the Superior Court of California for the County of Santa Clara. Any Party may object to this recommendation within 14 days. *See* Fed. R. Civ. P. 72(b). Failure to timely object will waive any opposition to this recommendation.

The Court encourages Defendant to seek out the assistance of the Federal Pro Se Program, which offers free legal information for *pro se* litigants. While the program does not provide legal representation, a licensed attorney may assist Defendant with aspects of the case. The Program's phone number is (408) 297-1480. More information about the Program is available on the Court's website at https://cand.uscourts.gov/helpcentersj.

Defendant may also wish to consult a manual adopted by the Court to assist *pro se* litigants in presenting their case. An online version of the manual, as well as other free information for *pro se* litigants, is available on the Court's website at https://cand.uscourts.gov/pro-se.

**SO ORDERED.**

Dated: February 14, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge